54062. McCLENDON v. THE STATE.

SUBMITTED JUNE 6, 1977 — DECIDED JUNE 15, 1977.

*Carroll L. Cowart,* for appellant.
*Dupont K. Cheney, District Attorney,* for appellee.

DEEN, Presiding Judge.

1. The evidence shows a burglary of the commercial premises named in the indictment and theft of goods therein. Acting on a tip the police searched an abandoned house and discovered the stolen goods hidden there; the officers set up a "stake out" in the abandoned house. The defendant was soon observed with a flashlight entering the house through the back door at twilight and was surprised by the police as he was bending over the cache of stolen items. The defendant urges that this evidence does not warrant a conviction on the "recent possession of stolen goods" theory because he did not own the abandoned house and was not shown to have had actual physical possession of the items. Under this evidence the jury was authorized to find the stolen goods in the defendant's constructive possession. *Wisdom v. State,* 234 Ga. 650, 654 (217 SE2d 244). The defendant sought to explain his "possession" of the stolen goods, but the jury, as it was authorized to do, chose not to believe him. The evidence supports the verdict.

2. The defendant argues his character was put into issue when a witness, identified as a G. B. I. agent, testified that he recognized the defendant and that the abandoned house where the stolen goods were located "had been connected" with the defendant. The mere fact that the officer testified he knew the defendant did not inject character into issue. *Johnson v. State,* 236 Ga. 616, 617 (5) (225 SE2d 14). Nor did testimony that the defendant "had been connected" with the abandoned house, without more, violate the tenor of Code § 38-202. *Williams v. State,* 135 Ga. App. 919 (219 SE2d 632).

*Judgment affirmed. Webb and Marshall, JJ., concur.*