### 54607. MARTIN v. THE STATE.

SHULMAN, Judge.

Appellant was convicted on both counts of an indictment charging him with manufacturing liquor without a license and possession of unstamped liquor. Both enumerations of error concern alleged attempts by the prosecutor to place appellant's character into issue. We affirm.

1. The first incident complained of came early in the state's cross examination of appellant. The prosecutor asked appellant if he and his ex-wife were living together. Defense counsel made a motion for mistrial which was denied. The court instructed the prosecution to stay away from anything of that nature. Appellant insists that the

question implied that he was living with a woman to whom he was not married and, therefore, impermissibly placed his character in issue in contravention of Code Ann. § 38-202.

We are unconvinced that the question placed appellant's character in issue. See *Carter v. State,* 136 Ga. App. 197 (1) (220 SE2d 749). Furthermore, it was appellant, on direct examination, who introduced the topic. He cannot now complain that the prosecutor followed up on cross examination. *Bryan v. State,* 137 Ga. App. 169 (4) (223 SE2d 219). Finally, the undisputed evidence was that appellant was not cohabiting with his ex-wife. We do not see how appellant was harmed.

2. During argument to the jury, the prosecutor pointed out that the agents who arrested appellant knew him. Claiming that his character was thereby put into issue, appellant moved for mistrial. We find no error in the denial of that motion because we do not agree that the argument was improper. Appellant and both the arresting officers testified that they had been acquainted for some time. The fact that appellant is acquainted with the witnesses does not in itself put his character into issue. *McClendon v. State,* 142 Ga. App. 575 (2) (236 SE2d 541). See *Brown v. State,* 237 Ga. 467 (1) (228 SE2d 853). Under the circumstances, we see no error.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED OCTOBER 11, 1977 — DECIDED NOVEMBER 14, 1977.

*Gibson, McGee & Blount, J. Baker McGee, Jr., Lamar Gibson,* for appellant.
*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.