## 54645. WILLIAMS v. THE STATE.

BANKE, Judge.

The appellant, Patrick Garrison Williams, appeals his conviction for simple battery. He alleges that the trial judge erred in refusing to give his requested charges on criminal trespass and justification in the use of force in defense of real property.

1. The state has moved for dismissal of this appeal because appellant did not file his enumerations of error and brief until 35 days after docketing, rather than within 20 days as required by the Rules of the Court of Appeals. See Rules 14 (a) and 16 (a). No order was issued directing appellant to submit the enumerations of error and brief. Rule 14 (a) (Code Ann. § 24-3614 (a)) provides that the sanction for failure to file enumerations of error within the specified time is contempt and not dismissal. See *Harris v. State,* 138 Ga. App. 388 (1) (226 SE2d 462) (1976). Read literally, Rule 16 (a) (Code Ann. § 24-3616 (a)) provides for no extension of time in filing briefs on appeal except for providential cause or its equivalent. However, as was stated in *Clark v. State,* 138 Ga. App. 266, 267 (226 SE2d 89) (1976), "[I]n spite of their mandatory language, the procedural rules of this court have been treated by the federal courts, and thence by our court, as merely directory in criminal cases."

Consequently, we are compelled to deny appellee's motion to dismiss and consider appellant's enumerations of error despite his failure to comply with our rules.

2. At trial the prosecuting witness, Starling Sutton, testified that the appellant hit him about his face and body when he asked about the ownership and vaccination status of a dog which had just bitten him. He claimed that, except for cutting across appellant's yard to escape further beating, he was at all times on the sidewalk in front of appellant's home. The appellant testified to a different version of the facts. He contended that he first observed Sutton in his backyard and thought him to be a prowler. He denied beating him but admitted that when Sutton refused to comply with his direction to leave that he grabbed the prowler by the seat of his pants and the collar of his shirt and "escorted" him from the premises. No other witnesses testified at trial. The appellant then submitted requests to charge pertaining to criminal trespass (Code Ann. § 26-1503 (b) (3)) and on justification in the use of reasonable force to protect real property (Code Ann. § 26-904 (a)).

The judge refused to instruct the jury "that a person trespasses when he remains upon the land of another after receiving notice from the owner to depart" because, in the judge's opinion, the evidence showed that Sutton was not a trespasser. It was a function of the jury, not the judge, to decide whether the appellant's version of events was true. The judge, therefore, erred in failing to give appellant's requested charge since under his version of the facts the jury would have been authorized to find that Sutton was a trespasser on appellant's land.

By admitting that he intentionally removed appellee from his property by grabbing him by his clothing, appellant in effect admitted his commission of a battery. See Code Ann. § 26-1304. Inasmuch as justification was the appellant's only defense, it was reversible error for the judge to refuse to give appellant's requested charge that if the appellant "reasonably believed that force was necessary in order to terminate a trespass on real property lawfully in his possession, you must find that the defendant's actions were justifiable, and return a verdict of not guilty."

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 11, 1977 — DECIDED NOVEMBER 18, 1977.

*Paul S. Liston,* for appellant.
*Hinson McAuliffe, Solicitor, Monroe Hearn, Frank A. Bowers, Assistant Solicitors,* for appellee.