## 59786. MOORE v. THE STATE.

SMITH, Judge.

Jackie L. Moore appeals his conviction for burglary and the trial court's denial of his motion for a new trial. We affirm.

The Linwood Elementary School was burglarized sometime between December 20, 1978 and January 2, 1979. Shortly after midnight on January 5, 1979 Sergeant Richardson of the LaFayette Police Department learned that an unidentified man and woman would retrieve the stolen property from the woods behind the school and proceed down the nearby railroad tracks. All this was to occur at approximately 3:00 a.m. that morning. The sergeant received this information from Officer Denton who in turn had received it from an informant who did not wish to be identified.

Acting solely on this information, the seargent began a surveillance of the area identified by the informant. At approximately 3:05 a.m. a male subject (later identified as appellant) came into view from behind a feed mill adjacent to the railroad tracks. Having looked both ways, the subject crossed the street on the tracks and disappeared from view behind some railroad cars. The sergeant then saw an arm emerge from behind the cars and make a motion like "come on." A female subject then emerged from behind the feed mill and began also to cross the street on the tracks. She had in her arms a white trash bag. At this point the sergeant proceeded to the subjects' location. As the sergeant's vehicle pulled up beside the female subject, appellant attempted to flee down the tracks. He stopped, however, on the sergeant's command. Both subjects were placed under arrest on the scene and the trash bag was searched. It contained much of the property which had been stolen from the school.

1. On January 15, having been incarcerated since his arrest, appellant signed a statement confessing to the burglary. Prior to trial,

appellant moved to suppress this confession as well as the property recovered upon his arrest. He contended that since there was no probable cause, his arrest was illegal.

There is no evidence as to the informant's reliability or how he obtained his information. Nor does the information " 'describe the criminal activity in such detail that the [court] may know it [was] more than a casual rumor circulating in the underworld . . .' " *State v. Taylor,* 144 Ga. App. 270, 271 (241 SE2d 50) (1977). Notwithstanding the informant's tip and the unusual time and place, nothing in appellant's behavior prior to the sergeant's approach was sufficient to justify the arrest and search. See *Forehand v. State,* 130 Ga. App. 801 (204 SE2d 516) (1974). "An arrest and search based only on information from a 'reliable informer,' no facts being given to support this conclusion, and there being neither probable cause for arrest nor any warrant, is insufficient to allow the admission of contraband discovered as the result of such search. [Cits.]" *Flournoy v. State,* 131 Ga. App. 171 (205 SE2d 473) (1974). "However, before [the sergeant] made any effort to arrest or even question the [appellant] he resorted to flight. Flight in connection with other circumstances [has been] held . . . to be sufficient to constitute probable cause for arrest without a warrant. The particular circumstances here, added together, make a very strong case for suspicion, and a weak but adequate one for probable cause to suspect that a felony had been committed by the [appellant]. It was not error to admit the evidence to which objection was made." *Richardson v. State,* 113 Ga. App. 163, 165 (146 SE2d 653) (1966); *Morgan v. State,* 241 Ga. 485 (246 SE2d 198) (1978); Code § 27-207. Compare Dunaway v. New York, 442 U. S. 200 (99 SC 2248, 60 LE2d 824) (1979) where the arrest was found to have been illegal for lack of probable cause. See also *Jones v. State,* 154 Ga. App. 21 (267 SE2d 323) (1980) and *Shaner v. State,* 153 Ga. App. 694 (266 SE2d 338) (1980) where the information supplied by an unidentified and untested (as to reliability) informant was found to have been sufficiently corroborated by independent police observation to establish probable cause.

2. Appellant enumerates as error the trial court's ruling which allowed Sergeant Richardson to relate that the female subject had told him during a conversation following her arrest that other property taken from the school could be recovered at the house of appellant's mother. The sergeant later searched those premises and property stolen from the school was recovered. The state contends that this testimony was admissible to explain the sergeant's conduct.

"When, in a legal investigation, information, conversations . . . and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as

original evidence." Code § 38-302. "As such testimony went to explain the subsequent conduct of the witness, it was admissible for that purpose." *Roberts v. State,* 149 Ga. App. 667, 668 (6) (255 SE2d 126) (1979).

3. Appellant also assigns as error the court's charge relating to recent possession, to wit: "I charge you that if you believe beyond a reasonable doubt that the crime of burglary was committed as charged in this bill of indictment and certain personal property was stolen as a result of such crime and if recently thereafter the defendant was found in possession of the stolen property or any part of the stolen property, that would be a circumstance along with all the other evidence adduced from which the Jury may infer guilt, if you see fit to do so, unless of course the defendant should make an explanation of his possession of the stolen property consistent with his plea of innocence which again is a question for you the Jury to determine."

In addition to the property recovered from the white trash bag, the evidence showed that a calculator, also taken from the school, was recovered from the house appellant shared with his mother. The calculator had been hidden in the cartridge receptacle of appellant's tape player. " 'To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it.' [Cits.]" *Hawkins v. State,* 80 Ga. App. 496, 499 (2) (56 SE2d 315) (1949). Since the evidence in this case was sufficient to authorize a charge on constructive possession, it was not error to give a charge on recent possession. *Johnson v. State,* 143 Ga. App. 160 (1) (237 SE2d 605) (1977); *McClendon v. State,* 142 Ga. App. 575 (1) (236 SE2d 541) (1977).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED APRIL 16, 1980 — DECIDED
SEPTEMBER 17, 1980.

*R. Stephen Tingle,* for appellant.
*William M. Campbell, District Attorney, Edgar A. Callaway, Jr., Assistant District Attorney,* for appellee.