63675. CHATMAN v. THE STATE.

CARLEY, Judge.

Appellant was indicted for murder and found guilty of voluntary manslaughter. She appeals.

1. The state's motion to dismiss the instant appeal is denied. See generally *Williams v. State,* 144 Ga. App. 72 (1) (240 SE2d 591) (1977).

2. During the course of the cross-examination of appellant by the state, she was questioned concerning her prior employment history. Over appellant's relevancy objection, the state was allowed to continue this line of questioning, establishing that she had been fired and had subsequently sent an anonymous letter to her employer. Even assuming without deciding that appellant's objection was sufficient, there was no error in overruling it. It appears that it was appellant, on direct examination, who first introduced the topic of her prior employment history. She "cannot now complain that the prosecutor followed up on cross examination. [Cit.]" *Martin v. State,*

143 Ga. App. 848, 849 (240 SE2d 219) (1977).

Subsequently, over appellant's best evidence objection, a copy of the anonymous letter was introduced for impeachment purposes. The only objection raised at trial was that "[t]here's been no foundation laid for the original not being available." After this objection was interposed, the state demonstrated that the original of the letter was located outside Georgia. This was a sufficient showing of the inaccessibility of the original to authorize the admission of the copy. See *Harrison v. Lawhorne,* 130 Ga. App. 314 (1) (203 SE2d 292) (1973). Other objections to the admission of this letter into evidence which are asserted on appeal were not raised in the trial court. "Having failed to properly object there, [she] cannot assign error as to the objectional [evidence] for the first time on appeal. [Cit.]" *Cale v. Cale,* 242 Ga. 600, 601 (250 SE2d 467) (1978). Contrary to appellant's assertions, it is not error, in the absence of a request, to fail to instruct the jury as to the limited purpose for which evidence of impeachment is being admitted. See generally *Jones v. State,* 242 Ga. 893, 896 (252 SE2d 394) (1979). The holding in *Colbert v. State,* 124 Ga. App. 283 (183 SE2d 476) (1971), which deals with the admission into evidence for impeachment purposes of a defendant's statement procured in violation of Miranda v. Arizona, 384 U.S. 436 (86 SC 1602, 16 LE2d 694) (1966), is inapplicable to the letter in the instant case.

3. It was not error to fail to give a charge on involuntary manslaughter in the absence of a timely request. See *State v. Stonaker,* 236 Ga. 1, 2 (2) (222 SE2d 354) (1976).

4. Appellant moved for a directed verdict of acquittal with regard to the murder charge. On appeal it is urged that her motion was erroneously denied because the state's evidence failed to show the existence of malice beyond a reasonable doubt. The jury's verdict, finding appellant guilty of voluntary manslaughter rather than murder, has removed any question of the existence of malice from the case. Accordingly appellant has no cause to complain that her motion for directed verdict of acquittal of murder was denied. Cf. *Richards v. State,* 152 Ga. App. 201, 203 (6) (262 SE2d 469) (1979). Our review of the entire record demonstrates that any rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt of voluntary manslaughter beyond a reasonable doubt. See generally *Daniels v. State,* 158 Ga. App. 476 (1) (282 SE2d 118) (1981).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED MAY 25, 1982 —
REHEARING DENIED JUNE 16, 1982.

584

*Bentley C. Adams III,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys,* for appellee.