## 65342. KILGORE v. THE STATE.

CARLEY, Judge.

Appellant was convicted of armed robbery and motor vehicle theft. He appeals from the judgment of conviction and sentence entered on the guilty verdict.

The facts of the case are as follows: Two males, one of whom was identified at trial as appellant, entered a convenience store and inquired about the various prices of beer. After the store emptied of other customers, one of the men pointed a pistol at the victim while he and the other man took money from her purse and the cash register. The victim's niece was also present at this time. The two men departed in a red pickup truck, which was later identified by the victim and her niece. The victim subsequently identified appellant from a video-taped "lineup."

1. Appellant contends that the trial court erred in permitting in-court identification testimony by the victim without first ruling, outside the presence of the jury, on appellant's motion to suppress such identification testimony. Appellant had moved to suppress any identification testimony by the victim as being tainted by the "impermissibly suggestive" lineup. At trial, the victim testified that she was able to look closely at the robbers because the two men were in the well lighted store for approximately twenty minutes, much of which time the victim was answering their questions concerning the price of beer. The victim further stated that her in-court identification was based on what she saw on the night of the robbery. "Here, we find that the failure to dismiss the jury was harmless error. At trial, the victim positively identified appellant as the man who robbed [her]. Where in-court identification is independent of lineup identification, the admission into evidence of in-court identification is not error. [Cit.]" *Coleman v. State,* 150 Ga. App. 380 (1) (258 SE2d 12) (1979). See also *State v. Peabody,* 247 Ga. 580, 582 (277 SE2d 668) (1981). The error was harmless.

2. Appellant further contends that the trial court erred in allowing into evidence portions of his co-defendant's statement

which implicated appellant. It is urged that allowing this evidence to be heard by the jury in the absence of the co-defendant being called as a witness denied appellant his right of cross-examination.

The record in the instant case shows that it was appellant who, during the cross-examination of a state's witness, first elicited evidence concerning selected portions of his co-defendant's recorded statement which were inculpatory of the co-defendant. Only upon re-direct examination, did the state pursue this line of inquiry by questioning the witness concerning other portions of the co-defendant's statement, including those portions implicating appellant in the crime. Under these circumstances, we find no error. See *Bowden v. State,* 239 Ga. 821, 827 (5) (238 SE2d 905) (1977).

3. Appellant enumerates as error the trial court's denial of his motion for directed verdict of acquittal as to the count of automobile theft. The evidence shows that the pickup truck, alleged in the indictment as having been stolen, was identified by the victim of the armed robbery as being the same vehicle in which appellant fled from the scene of that crime. The owner of the pickup truck testified that the truck was stolen from the parking lot of his business. " 'The rule has been long established in this state that where a theft, whether by simple larceny, burglary, or robbery, is proven, that recent unexplained possession of the stolen goods by the defendant creates an inference or presumption of fact sufficient to convict.' [Cits.]" *Brown v. State,* 157 Ga. App. 473 (1) (278 SE2d 31) (1981). There is sufficient evidence in the instant case to authorize the conviction of appellant for the automobile theft.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED APRIL 5, 1983 —

*J. Fred Ivester,* for appellant.
*Thomas J. Charron, District Attorney, Debra Halpern Bernes, Assistant District Attorney,* for appellee.