## 70131. SMITH v. THE STATE.
(331 SE2d 91)

POPE, Judge.

Kenneth Smith, Jr. brings this appeal from his conviction of theft by deception. *Held*:

1. Construed in a light most favorable to the State, the evidence of record shows that the victim, Ms. Vernell West, went to the Oglethorpe Mall in Savannah on November 4, 1983 to shop. Appellant approached her in a wheelchair and asked if she knew where there was a postal service, because he had found an envelope in the parking lot. Another man (apparently a colleague of appellant) came over and looked in the envelope, and the victim saw some money in the envelope. The man asked appellant to give them some of the money, and appellant led them over to a McDonald's restaurant. Appellant said there were some big bills, and he was going to the department store in the mall where he worked to run the bills through a machine to see if they were counterfeit. Appellant then departed and when he returned, he said his boss, a Mr. Taylor, caught him, and he was going to have to give Taylor some of the money. Appellant claimed there was $33,000 in the envelope. He said that the victim and the other man had to put up some money to get part of it, $10,000 each. The other man, who claimed he had a check, purportedly went to the department store to talk with Taylor and came back with a roll with money on the outside. He then accompanied the victim to the bank, where she withdrew $850 to go with the $100 she already had. She gave appellant the money, and he directed her to get her $10,000 from Taylor. She was to get back the $950 later. The victim went to the department store and found out that Taylor did not work there. She attempted to locate appellant, but he and the other man were gone. She called "Silent Witness" and reported the crime and described appellant. She later gave a description of the crime and appellant over the telephone to a police officer, who was investigating a similar attempted flimflam transaction at the mall. The victim identified appellant in court as the perpetrator of the crime. Appellant denied being at the mall on the date in question.

The evidence adduced at trial was sufficient to enable any rational trier of fact to find appellant guilty of theft by deception beyond a reasonable doubt. See OCGA § 16-8-3; *Finley v. State*, 139 Ga. App. 495 (2) (229 SE2d 6) (1976); see also *McMillon v. State*, 140 Ga. App. 137 (2) (230 SE2d 110) (1976). Specifically, in response to appellant's second enumeration of error, the evidence was adequate to show that appellant acted with criminal intent. See OCGA § 16-2-6; *Perdue v. State*, 147 Ga. App. 648 (2, 3) (249 SE2d 657) (1978). See generally *Fears v. State*, 152 Ga. App. 817 (2) (264 SE2d 284) (1979). As to appellant's first enumeration, we find unpersuasive his assertion

that, because the victim approached the subject transaction with a "demeanor of greed," her credibility was suspect and her testimony was "impeached" and thus insufficient to sustain the verdict. While her alleged greed was certainly a circumstance to be considered by the jury in weighing the victim's testimony, such circumstance did not render her testimony valueless as a matter of law.

2. Appellant's third enumeration challenges the trial court's denial of his motion to suppress. As best we can determine from the arguments in appellant's brief and the record on appeal, the gravamen of this enumeration is that a photograph, taken of appellant by mall security personnel some two weeks after the incident in question, was obtained as the result of his being illegally arrested. First of all, the record does not support appellant's assertion that he was under arrest at the time the photograph of him was taken. On November 22, 1983 appellant and a colleague were pointed out by a customer to mall security as allegedly operating a flimflam. A security officer then observed these men for a period of time and found their behavior to be suspicious. On this basis, and because the men fit the description of suspects in an earlier, similar incident at the mall, appellant and his colleague were requested by mall security to move to a corridor off the main mall for the purpose of investigating the complaint. Both men were advised of the complaint and cooperated fully with mall security. Since neither man had proper identification, a photograph of each was taken. The customer who had reported appellant and his colleague to mall security could not be located, so the men were allowed to leave. Neither man asked to leave prior to completion of the investigation, and there is no indication in the record that either man was placed under arrest or was held against his will. Under these circumstances, we do not view the photograph of appellant as incidental to an arrest — legal or otherwise — but merely the product of a proper investigative detention. See, e.g., *Dupree v. State*, 247 Ga. 470 (2) (277 SE2d 18) (1981); *Dawson v. State*, 166 Ga. App. 199 (303 SE2d 532) (1983); *Darden v. State*, 165 Ga. App. 739 (1) (302 SE2d 425) (1983). See also *Evans v. State*, 162 Ga. App. 78 (290 SE2d 176) (1982). Even assuming arguendo that the investigative detention of appellant by mall security was in some manner illegal, the photograph taken of appellant was of such poor quality that it was never shown to the victim in this case, but was used solely by the police in their investigation. Thus, the victim's in-court identification of appellant as the perpetrator of the crime was in no manner "tainted" by this photograph. See generally *Kilgore v. State*, 166 Ga. App. 190 (1) (303 SE2d 524) (1983). Moreover, the admission of the photograph in evidence was, if error, clearly harmless in light of the other untainted evidence of appellant's guilt. See generally *Hall v. State*, 241 Ga. 252 (3) (244 SE2d 833) (1978). This enumeration of error presents no

ground for reversal.

3. On cross-examination of the victim defense counsel propounded a question which, when answered affirmatively by the witness, made it appear that it was to cost the victim $950 in order for her to receive the $10,000. On redirect the State was permitted to propound questions to the victim designed to reveal that the flimflam included a promise that the victim's $950 payment was in fact to be returned to her at a later date, this in addition to the $10,000. Appellant assigns error to the trial court's overruling his objection to one of these questions on the ground that the evidence being offered was cumulative.

"The trial judge has a wide latitude of discretion in controlling the examination of witnesses by counsel on direct and on cross-examination, and unless it is manifest that he has abused this discretion, the mere allowance of repetition in the examination of the witness or party on direct examination will not work a reversal of the case. [Cits.]" *Fields v. Jackson*, 102 Ga. App. 117, 127 (115 SE2d 877) (1960). However, "[t]he allowing of some repetition in the examination of a witness on direct [or redirect] examination . . . should be exercised with great caution and should be a rare rather than a common practice." *Southeast Transport Corp. v. Hogan Livestock Co.*, 133 Ga. App. 825, 828 (212 SE2d 638) (1975). We find no abuse of discretion here as the testimony objected to was a "clarification properly . . . allowed under the rule that a witness may be examined on redirect regarding apparent inconsistencies brought out on cross-examination and may be allowed to explain or reconcile these inconsistencies." *Metts v. State*, 162 Ga. App. 641, 642 (291 SE2d 405) (1982). Cf. *Lauchheimer & Sons v. Jacobs*, 126 Ga. 261, 267 (55 SE 55) (1906).

4. On cross-examination counsel for appellant elicited from the mall security officer who photographed appellant that his reason for doing so was based upon what other security officers had told him. Counsel then propounded several other questions designed to cast doubt on the ability of the security officers to analyze a criminal situation as compared to the ability of "a trained police officer on duty. . . ." On direct examination of a subsequent witness, a police officer who investigated the subject crime, the State elicited testimony that one of the mall security officers involved in this case had recently retired from the police force with over thirty years of experience. Appellant challenged this testimony at trial on the ground that it was irrelevant and assigns as error the trial court's admitting the testimony.

"An objection in general language is insufficient to raise any question on appeal when it fails to show why the evidence was harmful to the appellant. [Cit.] An objection that the evidence sought to be

admitted is irrelevant and immaterial is insufficient to show reversible error. [Cit.]" *Henderson v. State*, 153 Ga. App. 801, 803 (266 SE2d 522) (1980). In any event, since defense counsel first opened the door to this line of inquiry, the State was entitled to rebut the inference sought to be created. See, e.g., *Mulkey v. State*, 250 Ga. 444 (3) (298 SE2d 487) (1983); *Chatman v. State*, 162 Ga. App. 582 (2) (291 SE2d 745) (1982); *Caswell v. State*, 27 Ga. App. 76 (6) (107 SE 560) (1921). This enumeration of error has no merit.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MAY 13, 1985.

*William G. Maston*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.