### 73921. JOHNSON v. THE STATE.
(353 SE2d 100)

DEEN, Presiding Judge.

The appellant, Norman Johnson, was convicted of arson and sentenced to 12 years' imprisonment. On appeal, he contends that the trial court erred in admitting hearsay evidence and that the evidence was insufficient to support the verdict.

1. Viewing the evidence in the light most favorable to the jury verdict, we conclude that the evidence was sufficient to authorize a rational trier of fact to find the appellant guilty of arson beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Moreover, if accepted by the trier of fact, the state's evidence, although entirely circumstantial, would exclude every reasonable hypothesis save that of the appellant's guilt. *Powell*

*v. State*, 171 Ga. App. 876 (1) (321 SE2d 745) (1984).

2. After the state and the defense rested and the evidence was closed, the trial court recessed until the following morning. During the overnight recess, one of the defense witnesses, who was in jail at the time of the trial, called a girl friend and made certain statements that impeached his trial testimony. The girl friend called the police, who provided her with a tape recorder, and later recorded a second telephone conversation she had with this witness. During that conversation, the witness engaged in banter and bragging, but also insinuated that he had lied at trial to help the appellant. When the court reconvened the following morning, the trial court allowed the state to reopen the evidence and play the tape recording. The witness, although available since he was still in jail, was not recalled and confronted with the subsequent inconsistent statements.

In *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982), the Supreme Court held that a prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence. In *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985), that rule was extended to prior consistent statements. We detect no logical obstacle to extending this general principle and admitting a subsequent inconsistent statement as substantive evidence, provided the proper foundation is laid by confronting the witness with the inconsistent statement and subjecting that witness to cross-examination. Cf. *Harden v. State*, 166 Ga. App. 536 (304 SE2d 748) (1983); OCGA § 24-9-83, generally. That, however, was not done in the instant case, and the tape recording presented at trial constituted inadmissible hearsay. Because this inadmissible evidence may have contributed to the jury's verdict in this case, which depended entirely upon circumstantial evidence, a new trial is necessary.

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 27, 1987.

*Gerald P. Word*, for appellant.

*Arthur E. Mallory III, District Attorney, William G. Hamrick, Jr., Peter J. Skandalakis, Assistant District Attorneys*, for appellee.