## 45144. MATTHEWS v. THE STATE.
### (366 SE2d 280)

MARSHALL, Chief Justice.

Roland Markland Matthews appeals his convictions of the murder of Robert Williams, Jr. (life sentence); aggravated battery upon Robert Williams III (10 years concurrently); aggravated assault upon Robert Williams III, and Emelindo Jacob (10 years concurrently); and possession of a firearm during the commission of a felony (five years consecutively).[1] We affirm.

The evidence authorized the following findings of fact. As the black victims and their white companion, Teddy Conn, were entering the Follies Topless Bar on Stewart Avenue in Atlanta on the evening of August 27, 1985, the deceased accidentally bumped shoulders with one of the group of the white appellant and about four of his white companions, and hostile words were exchanged. While the victims were inside the bar, someone informed them that "they were niggers and their presence at the bar was not appreciated." As the victims' group left the bar, they were confronted by the waiting appellant's group in the parking lot, and the latter group began calling the victims' group "niggers" and "jungle bunnies," and threw a beer bottle at Robert Williams, Jr. A fist fight ensued between the appellant and Williams, Jr., with the latter getting the better of it. When the fist fight ended and the victims' group headed for their car, the appellant shot Williams III, in the abdomen. The latter rolled under a truck, heard more gunfire, and saw his brother, Williams, Jr., fall to the ground, fatally wounded by a shot in his back after also having been shot in the abdomen. The appellant then also shot Jacob, who was unarmed. Although there was testimony that a starter pistol was later found in the decedent's pocket, and an empty pistol and a pair of brass knuckles were found on top of a car, none of the victims' group was observed to have exhibited or used any weapons.

1. The first enumerated error is the trial judge's refusal to grant a motion for mistrial on the ground that the district attorney's questioning a prosecution witness as to whether he had been intimidated

---

[1] The crimes were committed on August 27, 1985. The jury verdict was rendered on April 24, 1987, and Matthews was sentenced on May 1, 1987. A motion for new trial was filed on May 6, 1987, amended on May 13, May 22, and August 17, 1987, and overruled on August 18, 1987. The transcript of evidence was filed on August 6, 1987. A notice of appeal was filed on September 17, 1987. The case was docketed in this Court on October 23, 1987, and orally argued on March 14, 1988.

against testifying, illegally placed the appellant's character in evidence.

The appellant's objection was not based on his character's having been placed in evidence, but on the alleged violation of his motion in limine. The objection now sought to be raised cannot be raised initially on appeal. *Seabrooks v. State*, 251 Ga. 564 (1) (308 SE2d 160) (1983) and cit. Even if proper objection was raised, moreover, evidence of obstruction of justice or avoidance of punishment can be admissible. *Morgan v. State*, 240 Ga. 845 (1) (242 SE2d 611) (1978) and cits. Finally, we find it highly probable that any error in this regard did not contribute to the verdict. *Baty v. State*, 257 Ga. 371 (2) (359 SE2d 655) (1987) and cit.

2. The prosecution's reference, in questioning a witness, to the fact that the appellant was in jail, did not illegally place the appellant's character in evidence. *Williams v. State*, 242 Ga. 757 (2) (251 SE2d 254) (1978); *Fields v. State*, 176 Ga. App. 122 (335 SE2d 466) (1985) and cits. Moreover, there was no harm, because the jury could have concluded that the appellant was in jail from the testimony that he had been arrested in Florida, and the trial court gave curative instructions to the jury.

3. The third enumerated error, raised by the appellant pro se, is the trial court's failure to discharge and acquit him for alleged failure to try him within two terms as required by OCGA §§ 17-7-170; -171. This issue was determined adversely to the appellant in his prior appeal. *Matthews v. State*, 181 Ga. App. 819 (354 SE2d 175) (1987).

4. The fourth enumerated error, also raised by the appellant pro se, is the trial court's failure to sustain the verdict as to the lesser offense of felony murder, since the verdict of guilty of both malice and felony murders was allegedly unclear, citing *Burke v. State*, 248 Ga. 124 (1) (281 SE2d 607) (1981). However, since there was only one murder victim and, unlike *Burke*, the defendant was found guilty of both counts, i.e., malice and felony murder, the trial court correctly ruled that the two counts merged, and sentenced the appellant to only one life sentence. *Biddy v. State*, 253 Ga. 289 (2) (319 SE2d 842) (1984); *Bowens v. State*, 171 Ga. App. 364 (1) (320 SE2d 189) (1984).

5. In the fifth enumerated error, also raised by the appellant pro se, it is argued that the trial judge should have sustained the verdict of the lesser offense of aggravated assault where the assault and battery were upon the same victim, viz., Williams III. As in Div. 4, supra, the jury's finding of both offenses authorized the trial court's one sentence for the greater offense.

6. The evidence authorized the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

*Drew R. Dubrin, G. Scott Sampson,* for appellant.
*Lewis R. Slaton, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.