## 45307. SMITH v. THE STATE.
### (366 SE2d 763)

GREGORY, Justice.

Appellant, Steven Ray Smith, was convicted of malice murder, armed robbery, and aggravated assault.[1] He received two consecutive life sentences for the murder and armed robbery convictions and twenty years concurrent for aggravated assault. We affirm.

On July 26, 1986 Smith and Wildon B. Epps went to the Newton County home of Patrick and Teresa Palacek. Epps was acquainted with the Palaceks and had been to their trailer two days earlier to help remove some carpeting. Smith stated that the purpose of the visit on July 26 was to "con the dude out of some money." When Smith and Epps arrived, they were seated in the kitchen and Smith was given a Coca-Cola by eight-year-old Debra Palacek. The Palaceks were busy assembling a filing cabinet in the living room. Debra testified she overheard Epps tell Smith "a deal's a deal and you gotta do it quietly." Debra then left and went to a neighbor's house. Epps later

---

[1] The crime was committed on July 26, 1986. Smith was arrested on August 27, 1986. The trial began on January 6, 1987 and Smith was sentenced on January 8, 1987. A motion for new trial was filed on January 29, 1987 and denied on September 29, 1987. The case was docketed in this court on December 18, 1987 and submitted for our decision on briefs on January 29, 1988.

entered the living room carrying Patrick Palacek's shotgun and Smith ordered the couple to lie on the floor. Teresa Palacek, eight months pregnant, could not lie on the floor and was allowed to sit on the sofa. The couple was then forced into the bedroom where Smith tied them up. Teresa testified that Smith covered her head with a pillow but that she could still see. Smith then removed Patrick's wallet from his pocket and took approximately seven dollars. Smith also took a pistol from a bedroom dresser drawer and several rifles were taken from the bedroom closet. Teresa testified she then saw Smith stab Patrick and that Epps stabbed her three times. Patrick died from a single stab wound to the chest. The trials were severed and Smith was convicted on January 7, 1987.

1. Smith contends the State improperly elicited testimony from a Georgia Bureau of Investigation Agent concerning statements made by Epps implicating Smith in the crimes charged. *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). A review of the transcript reveals that defense counsel opened the door to this line of questioning during his cross-examination of the witness. The prosecution merely followed up on the issues injected by Smith. Since defendant first opened the door to this line of questioning, he cannot now complain. *Mulkey v. State*, 250 Ga. 444 (298 SE2d 487) (1983); *Smith v. State*, 174 Ga. App. 744 (331 SE2d 91) (1985); *Chatman v. State*, 162 Ga. App. 582 (291 SE2d 745) (1982).

Furthermore, none of the testimony elicited directly raises a *Bruton* issue but merely touched on the fringes of the *Bruton* issue, and that by implication. All of this was without objection by defense counsel. When a question was asked which would have directly injected a *Bruton* issue, objection was made and sustained.[2]

2. The indictment charged Smith with malice murder, felony murder, armed robbery, and aggravated assault. The jury found Smith guilty on all counts. The trial court merged the felony murder and malice murder verdicts and sentenced Smith for malice murder. Smith claims the court should have instructed the jury that they were

---

[2] On recross-examination defense counsel asked the GBI agent how authorities learned where they could find and arrest Smith. The agent responded that the information came from Barron Epps who had been taken into custody earlier.

On redirect the prosecution asked "Q: Was Mr. Epps truthful about where the guns were? A: Yes, sir. Q: And truthful about where the knife was? A: Yes, sir. Q: Truthful about where Mr. Smith was? A: Yes, he was."

On subsequent recross-examination defense counsel attempted to show that Epps had not been entirely truthful in his statements to police. Up to this point in the testimony no objection was raised.

On final redirect examination of the witness, the prosecution asked "Q: Did Mr. Epps admit to stabbing Teresa Palacek? A: Yes, sir, he did. Q: Did he ever admit to stabbing Patrick Palacek? A: No, he didn't. Q: Who did he say all along stabbed Patrick Palacek?" Before this final question was answered, an objection was made and sustained.

to choose either malice murder or felony murder. He also contends that when a verdict does not specify which alternate theory is the basis for the murder conviction, the remedy is to convict the defendant of the "lesser charge" of felony murder.

We find no merit in these contentions. In this case the jury returned a verdict finding Smith guilty of both malice murder and felony murder. The law allows this. OCGA § 16-5-1 provides:

> (a) A person commits the offense of murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being. . . (c) A person also commits the offense of murder when, in the commission of a felony, he causes the death of another human being *irrespective of malice.*[3] [Emphasis supplied.]

A single homicide can result from facts sufficient to support both malice and felony murder. Malice is not an element in a trial for felony murder but the presence of malice does not bar a felony murder conviction. Likewise, the existence of a felony is not an element in a trial for malice murder but its presence is no bar to a malice murder conviction. When the elements of malice and an underlying felony both exist in a murder case, the law does not preclude verdicts of guilty of both malice and felony murder. However, where there is a single victim, the defendant may be sentenced on either but not both. *Matthews v. State*, 258 Ga. 144 (4) (366 SE2d 280) (1988); *Thomas v. State*, 257 Ga. 24 (4) (354 SE2d 148) (1987); *Hendrick v. State*, 257 Ga. 514 (361 SE2d 169) (1987). The defendant will not be heard to complain no matter which verdict is the basis for his sentence so long as he receives a single sentence. Therefore, we find the trial court did not err in failing to instruct the jury to choose between malice and felony murder or in sentencing Smith for malice murder.

3. Smith contends the evidence was insufficient to support his conviction for aggravated assault of Teresa Palacek because the undisputed evidence was that Epps stabbed Teresa Palacek. We have reviewed the evidence and find it sufficient to support the aggravated assault conviction on the theory of parties to a crime as charged by the trial court.

4. We likewise reject Smith's claim that the aggravated assault merged with the armed robbery. The evidence established that the armed robbery was completed prior to the aggravated assault so that the crimes are separate as a matter of law. *Loumakis v. State*, 179 Ga. App. 294 (346 SE2d 373) (1986).

---

[3] "Irrespective of" is defined as meaning "regardless of [or] independent of." *Webster's New Twentieth Century Dictionary*, 2d ed. (1964).

5. There is no merit to Smith's contention that armed robbery was a lesser included offense of and should have merged with the offense of malice murder. *Dick v. State*, 246 Ga. 697 (7) (273 SE2d 124) (1980).

6. Smith claims the standard charged to the jury for resolving conflicts in the testimony of the defendant was different than the standard charged for resolving conflicts in the testimony of other witnesses. We find no error in the charge as given. A review of the charge reveals that the jury was instructed to apply the same standard in resolving conflicts in the *in-court* testimony of all witnesses. The complained of charge applied only to the pre-trial statements given by Smith to investigating officers and was a correct statement of the law under OCGA § 24-3-53.

7. The evidence, when viewed most favorably to the prosecution, would authorize a rational trier of fact to find the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

8. We have examined Smith's other enumerations of error and find them meritless.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 20, 1988

*Alice C. Stewart,* for appellant.

*John M. Ott, District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Assistant Attorney General,* for appellee.