## 76693. LOCKETT v. THE STATE.

(373 SE2d 768)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of arson in the first degree. He appeals from the judgment of conviction and sentence entered on the guilty verdict.

1. Appellant enumerates the general grounds, urging that the circumstantial evidence produced at trial was insufficient to exclude every other reasonable hypothesis except that of his guilt. See *Kreager v. State*, 148 Ga. App. 548 (252 SE2d 1) (1978). A review of the transcript shows that, from the evidence produced at trial, a rational trior of fact could reasonably have found appellant guilty of arson in the first degree beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Johnson v. State*, 181 Ga. App. 620 (1) (353 SE2d 100) (1987); *Burns v. State*, 166 Ga. App. 766, 768 (3) (305 SE2d 398) (1983).

2. The State was permitted to present evidence of appellant's commission of a similar offense for which he had not been convicted. This evidentiary ruling is enumerated as error.

"Evidence of similar transactions or crimes is admissible when it is shown that the defendant is the perpetrator of the similar offense, and there is sufficient similarity between the independent crime and the offense charged that proof of the former tends to prove the latter. [Cit.] Evidence of independent crimes has been admitted to show bent of mind and course of conduct. . . . [Cit.] There was no question that appellant was the perpetrator of the similar offense, and the modus operandi of appellant was the same. Thus, such evidence was admissible to show appellant's bend of mind. . . . [Cit.]" *Davis v. State*, 180 Ga. App. 190, 191-192 (2) (348 SE2d 730) (1986). See also *Sparks v. State*, 172 Ga. App. 891, 892 (3) (324 SE2d 824) (1984).

Nothing in *Riley v. State*, 181 Ga. App. 667 (353 SE2d 598) (1987) would support a contrary holding. That case stands only for the proposition that the "[u]se of prior similar crimes is prohibited . . . where the *first trial resulted in an acquittal* and the State is attempting to relitigate an issue found in the defendant's favor at the first trial. [Cit.]" (Emphasis supplied.) *Riley v. State*, supra at 668 (1). At the time of the trial of this case, appellant had not previously been tried and acquitted of the similar offense. At that time, criminal charges in connection with appellant's commission of the similar offense were merely pending against him. Accordingly, the evidence was admissible at the time it was proffered by the State. See *Claypool v. State*, 188 Ga. App. 642 (1) (373 SE2d 765) (1988). See also *Coalter v. State*, 183 Ga. App. 335, 336 (2) (358 SE2d 894) (1987).

3. On direct examination, appellant testified as to the length of time he had spent in "disciplinary" at a correctional facility. Before

conducting a cross-examination, the State's attorney sought a ruling from the trial court as to the permissibility of questioning appellant on the topic of the length of time he had spent in "disciplinary." The trial court ruled that, although appellant had not opened the character door generally, the State would be permitted to cross-examine appellant as to the testimony he had given on direct examination. This ruling is enumerated as error. "[I]t was appellant, on direct examination, who introduced the topic. He cannot now complain that the prosecutor followed up on cross-examination. [Cit.]" *Martin v. State,* 143 Ga. App. 848, 849 (240 SE2d 219) (1977). See also *Smith v. State,* 174 Ga. App. 744, 746 (4) (331 SE2d 91) (1985); *Chatman v. State,* 162 Ga. App. 582 (2) (291 SE2d 745) (1982).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 21, 1988.

*Roger L. Curry,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.