A99A0623. MADISON v. THE STATE.
(519 SE2d 698)

BARNES, Judge.

A jury convicted Alan Madison of armed robbery and burglary. The trial court denied his motion for new trial, and he appeals, alleging the trial court erred in admitting evidence of two similar transactions, in denying three motions for mistrial, in allowing certain testimony regarding a statement he made to a detective after his arrest, and in denying his motion for directed verdict based on insufficiency of evidence. We affirm.

1. Madison contends the evidence was insufficient for a rational

trier of fact to find him guilty of armed robbery and burglary beyond a reasonable doubt. On appeal, we do not weigh the evidence or decide witness credibility, but view the evidence in a light most favorable to the verdict. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Viewed in that light, the evidence showed that, around 5:30 a.m. in December 1995, the manager heard a loud noise while preparing to open the McDonald's restaurant on Franklin Road in Cobb County. A rock crashed through the drive-in window and a man stepped through the window frame brandishing a gun. Employee Eli Miller, who had been walking back and forth near the drive-in window instead of performing his assigned tasks, ran out of the restaurant immediately. Another McDonald's employee hid near the counter and watched as the robber screamed at the manager, stuck the gun in her face, and took $7,000 from the store safe. The robber, who was wearing a hood around his face and wore black gloves, left through the broken window.

Subsequently, on February 2, 1996, a Marietta police officer answered a call at the EZ Serve service station on Franklin Road. The attendant told him two men came in the store; one put a gun to his face, and the other took money from the cash register. The gunman wore a dark jacket and a mask on his face. The officer took possession of a videotape showing the robbery.

A week later, a man jumped over the counter and pulled a gun on the clerk at a Speedy Saver convenience store on Franklin Road. The robber, wearing a kind of "open face mask" and dark jacket, incapacitated the clerk by elbowing him in the face. The gunman and his companion left without obtaining any money, but the gunman dropped his pager on the way out.

A Marietta police detective contacted the pager company, then called Madison and said he found his pager and would return it for a small fee. Madison met the detective at the EZ Serve on Franklin Road. The McDonald's employee who hid behind the counter during the robbery identified Madison from a photo lineup and in court as the gunman. The McDonald's manager could not identify Madison from a photo lineup because, she said, the pictures were poor quality, but unequivocally identified him in court.

The detective obtained and executed a search warrant on the apartment where Madison was staying with McDonald's employee Eli Miller. He recovered a black Chicago Bulls jacket, a Guess sweatshirt with a hood, a pair of Nike tennis shoes, and two pairs of black gloves. The shoes, which Madison admitted were his, matched a shoe print lifted from the counter at the Speedy Saver. The jacket and sweat shirt matched apparel worn by the suspects in the EZ Serve robbery, as captured on video.

After his arrest, Madison waived his *Miranda* rights and told the detective he had been the lookout for Eli Miller and another man during the Speedy Saver robbery. He denied participating in the McDonald's robbery, but said "Eli Miller was not all that innocent" regarding that crime. At trial, Madison asserted that he signed the waiver under duress and denied participating in the Speedy Saver robbery, although he admitted the pager found inside the store after the robbery belonged to him.

We find the evidence sufficient for a rational trier of fact to conclude that Madison committed the burglary and armed robbery of the McDonald's on Franklin Road in December 1995. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Madison asserts the trial court erred in admitting evidence of the EZ Serve and Speedy Saver robberies as similar transactions, because the State failed to show sufficient similarities among the crimes, failed to establish sufficiently that Madison committed the similar crimes, and did not introduce the similar crimes for a permissible purpose.

In order to introduce evidence of a similar transaction, the state must show three things: first, that it seeks to introduce evidence of the independent offense to show identity, motive, or bent of mind, and not just to malign the defendant's character; second, that sufficient evidence exists to establish that the accused committed the independent offense; and third, that a sufficient similarity exists between the independent offense and the crime charged, so that proof of the former tends to prove the latter. *Williams v. State,* 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

(a) The transactions were sufficiently similar. All three crimes took place on the same road within two months of each other, and were committed against "quick-serve" establishments. The gunman wore a mask and robbed or attempted to rob a store employee in each case.

> The similar transaction does not have to be identical to the crime for which the defendant stands accused. In fact, the admissibility of a similar transaction is not dependent on the number of similarities between the prior act and the crime charged. Rather, admissibility turns on whether the similarities tend to show that the prior act is relevant to a proper issue at trial. [Cits.]

*Callaway v. State,* 230 Ga. App. 369 (1) (496 SE2d 349) (1998). We find no error in the trial court's finding that the EZ Serve and Speedy Saver transactions were sufficiently similar to be introduced at trial.

(b) The trial court similarly committed no error in concluding the

state submitted sufficient evidence to establish that the accused committed the independent offenses. Madison confessed his participation in the similar transactions. Further, a detective found Madison's pager at the Speedy Saver just after the attempted robbery took place, and his shoes matched the print made on the Speedy Saver counter during the attempted robbery. Finally, in Madison's apartment the detective uncovered clothing matching that worn by the gunman in the EZ Serve robbery.

"The standard of proof of reasonable doubt is not applicable to the proof that the defendant was the perpetrator of the independent crime. (Cit.)" *Hall v. State*, 198 Ga. App. 434, 435 (1) (401 SE2d 623) (1991). Here, both direct and circumstantial evidence established that Madison committed the similar transactions.

(c) Finally, the trial court did not err in finding the two similar transactions took place within the same area and showed similar bent of mind, pattern of conduct, and identity. As noted earlier, all three crimes took place on the same road within a short period of time, against similar businesses, by a masked gunman against a store employee. These circumstances authorize the trial court's finding that proof of defendant's actions during the February 1996 incidents is relevant to show defendant's motive, scheme, plan, bent of mind, and course of conduct during the December 1995 armed robbery. *Cole v. State*, 216 Ga. App. 68, 69-70 (1) (453 SE2d 495) (1994).

3. Madison argues the trial court erred three times in denying motions for mistrial.

(a) The trial court denied a motion for mistrial made after a detective testified that a picture seized from Madison's apartment showed his roommate, Eli Miller, with a pile of cash around him. The trial court sustained Madison's objection to the picture's admission into evidence, and instructed the jury to disregard any testimony about it. A trial court has broad discretion in ruling on a motion for mistrial, and such a ruling will not be overturned on appeal absent a manifest abuse of discretion. *Eagle v. State*, 264 Ga. 1, 2-3 (2) (440 SE2d 2) (1994). We find no such abuse here.

(b) Madison objected at trial when the prosecutor asked a detective whom he contacted after talking to the company that served the pager, and moved for a mistrial. The trial court ruled that, under OCGA § 24-3-2, the detective was entitled to explain his conduct and ascertain motives, and the detective subsequently testified that after contacting the paging service, he contacted Madison. As this testimony went to explain the subsequent conduct of the witness, it was admissible for that purpose. *Moore v. State*, 155 Ga. App. 721, 723 (2) (272 SE2d 575) (1980). Further, Madison admitted during his testimony that the pager was his. The trial court did not err in denying this motion for mistrial.

(c) Madison asserts the trial court erred in denying his motion for mistrial after the prosecutor asked him whether he had been in "the same room together" with his lawyer and a defense witness, arguing that the question implied he was being held in custody and thus improperly placed his character in issue. If asking a defendant about being in jail does not place his character into issue, *Matthews v. State*, 258 Ga. 144, 145 (2) (366 SE2d 280) (1988), asking him if he had been in "the same room" as a witness clearly does not do so. The trial court did not err in denying this motion for mistrial.

4. Finally, Madison contends the trial court erred in allowing a detective to testify that Madison told him Eli Miller "was not all that innocent" regarding the McDonald's robbery, arguing the evidence was not probative or relevant.

> The issue as to the relevancy and materiality of evidence is for the trial court. Indeed, any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant. Ultimately, the relevance of evidence is addressed to the jury's determination.

(Citation and punctuation omitted.) *Wright v. State*, 186 Ga. App. 231, 233 (2) (c) (366 SE2d 834) (1988). The state argued that Madison's statement implicating his roommate in the McDonald's robbery was relevant to the material issue of whether Madison knew anything about the robbery. The trial court did not err in admitting the detective's testimony regarding Madison's statement.

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 21, 1999.

*Clarke & Anderson, Alan S. Clarke, James S. Anderson*, for appellant.

*Patrick H. Head, District Attorney, Rose L. Wing, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.