71742. TROUTMAN v. THE STATE.
(342 SE2d 785)

CARLEY, Judge.

Appellant was indicted for the offenses of aggravated assault, burglary, and rape. He was found guilty by a jury of aggravated assault and burglary and a mistrial was granted on the rape charge. Judgment was entered on the guilty verdicts and appellant appeals.

1. Appellant contends that the verdicts were against the weight of

the evidence, and that his in-court identification by one of the victims was not plausible. "Upon reviewing a conviction, the appellate courts examine the sufficiency of the evidence, not its weight." *Richardson v. State*, 170 Ga. App. 79, 80 (316 SE2d 180) (1984). The victim was acquainted with appellant and identified him by name as her attacker. She testified that she saw him clearly with the light shining in his face. Her identification was absolute and unqualified. Appellant was also positively identified by the victim's twelve-year-old son. Her mother, who was another victim, testified that appellant "looked like" the man who broke into their house and attacked her and her daughter. Although appellant denied any involvement in the crimes and presented evidence of an alibi, we find the evidence sufficient to convince a rational trior of fact of his guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Seals v. State*, 176 Ga. App. 67 (335 SE2d 306) (1985).

2. Appellant also asserts as error the trial court's denial of a motion for mistrial. The motion was based on a comment made by the trial court while appellant's attorney was examining a defense witness. The witness had already been asked twice if he was being truthful. The witness was then asked whether he was willing to come to court and tell the jury a lie in order to help appellant. He answered "No, sir." Whereupon the trial court remarked: "I think it's slightly self serving to say are you telling the truth or are you lying. I think that's what a jury is supposed to decide. But you've asked him and he's answered but I don't see any need to belabor that point." From the context in which it occurred, it is apparent that the trial court's remark did not relate to the witness' overall credibility. It was merely an explanation of the trial court's ruling that counsel was not to continue to ask the witness whether he was telling the truth. See *Saladine v. State*, 169 Ga. App. 425 (1) (313 SE2d 714) (1984). " 'The inhibition against an expression or intimation of opinion by the trial judge as to the facts of the case [OCGA § 17-8-57] does not extend to colloquies between the judge and counsel as to the admissibility of certain evidence. . . .' [Cits.]" *Bradley v. State*, 137 Ga. App. 670, 673 (8) (224 SE2d 778) (1976), cert. den. 429 U. S. 918 (97 SC 310, 50 LE2d 284) (1976). We find no error.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 18, 1986.

*Jon L. Coogle*, for appellant.
*John R. Parks, District Attorney*, for appellee.