## 75342. WEAVER v. THE STATE.
(365 SE2d 130)

POPE, Judge.

Janice Weaver brings this appeal from her conviction and sentence of aggravated assault. Her sole enumeration of error challenges the trial court's refusal to give a requested charge on reckless conduct, OCGA § 16-5-60.

Appellant contends that reckless conduct is a lesser included offense of aggravated assault under the evidence in this case, citing *Bowers v. State*, 177 Ga. App. 36 (2) (338 SE2d 457) (1985). Cf. *Harshaw v. State*, 134 Ga. App. 581 (3) (215 SE2d 337) (1975). In support of this assertion, appellant points to her trial testimony: "I had the gun by the handles . . . and I just stepped up [to the victim's truck] and I showed her [the victim] the gun. I told her . . . : 'Hazel, just get the hell out of here and leave me and my family alone.' . . . I just intended to turn around and walk off. . . . I had [the gun] by the handles . . . [but] didn't have it in the window [of the victim's truck.] It was at the window . . . [but] I didn't point it at her or stick it inside the truck; just so she could see it . . . and she grabbed my arm. . . . [W]hen she grabbed my arm, my arm hit the window and the gun just went off. . . . I just meant to scare her. I didn't want to hurt anybody. I just wanted them to go on so we could go home and it all be forgot. [Appellant feared that the victim would do serious bodily harm to appellant's brother, the victim's ex-husband.] I didn't mean to hurt her. It was an accident."

We find appellant's enumeration of error controlled adversely to her by the holding in *Riley v. State*, 181 Ga. App. 667 (3) (353 SE2d 598) (1987): "In *Bowers*, the charge on reckless conduct was appropriate because the jury was authorized to find that the defendant engaged in target practice with a gun while consciously disregarding the risk to the nearby victim. One is guilty of reckless conduct who 'causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause the harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. . . .' OCGA § 16-5-60. The crime of reckless conduct is one of criminal negligence. *Bowers v. State*, supra at 38 (1). The instant case is distinguishable from *Bowers*. Appellant admitted [displaying] the gun with the intent *to scare the victim*, although she testified that she did not intend to [shoot her.] 'Using a deadly weapon to commit an act *which places another in reasonable apprehension of immediately receiving a violent injury* amounts to an aggravated assault, absent justification. (Cits.) The act testified to by appellant was either justified as an act of self-defense [or defense of another, or was an accident,] or constituted a felony.' (Emphasis supplied.) *Williams v. State*, 249 Ga. 6, 8 (287 SE2d 31) (1982). The jury was fully and completely instructed on [both accident and] justification. The trial court did not err in refusing to give the requested charge." Id. at 669-670.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 5, 1988 —
REHEARING DENIED JANUARY 19, 1988 — 

*Theresa M. Clyne, Sara F. Miller*, for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.