## 76795. BRIARD v. THE STATE.
### (373 SE2d 239)

CARLEY, Judge.
Appellant was tried before a jury and found guilty of five counts of aggravated assault and five counts of kidnapping. Appellant appeals from the judgments of conviction and sentences entered on the jury's verdicts.

1. Appellant enumerates the general grounds as to four of his five kidnapping convictions, urging that the asportation element was not established by the evidence.

A review of the record shows the following: Appellant entered the emergency room of the Douglas County Hospital and demanded to be examined by his personal physician. When the nurse on duty informed him that he would have to be examined by one of the staff physicians, appellant drew a gun and pointed it at the nurse. Appellant then forced the nurse into the office of the emergency room. There were three women in the office at the time that appellant and the nurse entered. Upon seeing that appellant was armed, the three

women were unable to escape but they ran to a location in the office where they felt they would be afforded a degree of relative safety. Appellant in no way directed or ordered the three women to move from their original location in the office and they were allowed to remain at their chosen place of safety throughout the ordeal. Appellant subsequently demanded that a hospital security guard come into the office, threatening that he would kill the women if this demand was not met. Once the security guard was in the office, the appellant pointed a gun at him and ordered that he sit on the floor.

"A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). "For a kidnapping conviction, the [S]tate must prove an unlawful asportation of a person against his will. [Cit.]" *Chambley v. State*, 163 Ga. App. 502, 504 (2) (295 SE2d 166) (1982). The determinative factor with regard to the element of asportation is whether "appellant even momentarily caused the victim[s], 'without lawful authority or warrant,' through intimidation and coercion, to engage in actions (including moving from one place to another) 'against [their] will[s].' [Cit.]" *Padgett v. State*, 170 Ga. App. 98, 100 (316 SE2d 523) (1984). The evidence clearly authorized a finding that the nurse was forced, against her will, to enter the office and appellant does not contend otherwise. The evidence also shows, however, that the other three women, who were already in the office, acted on their own volition when they moved from one location to another. Compare *Haynes v. State*, 249 Ga. 119 (1) (288 SE2d 185) (1982); *Morris v. State*, 179 Ga. App. 228, 229 (4) (345 SE2d 686) (1986); *Williams v. State*, 178 Ga. App. 581, 591 (12) (344 SE2d 247) (1986); *Chambley v. State*, supra at 503 (1); *Brown v. State*, 132 Ga. App. 399, 401 (2) (208 SE2d 183) (1974). Accordingly, as to the counts alleging the kidnapping of these three women, the asportation element was not established and the trial court erred in denying appellant's motion for a directed verdict.

The evidence did, however, show the unlawful asportation of the security guard. The security guard was coerced into entering the office against his will by appellant's threats to injure his female captives. See generally *Strozier v. State*, 156 Ga. App. 241 (274 SE2d 633) (1980). Moreover, once the security guard was in the office, appellant threatened him with a gun and directed him to sit down. See *Haynes v. State*, supra at 119; *Chambley v. State*, supra at 502-503. Accordingly, as to the count alleging the kidnapping of the security guard, the trial court correctly denied appellant's motion for a directed verdict.

2. Over objection, the trial court allowed one of the victims to give her opinion as to appellant's sanity. This ruling is enumerated as error.

" 'Sanity or insanity is a proper subject for opinion evidence, and where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor. [Cits.]' [Cit.] ' "A lay witness can give opinion testimony as long as he gives sufficient facts to form the basis of his opinion." [Cits.]' [Cit.]" *Chancellor v. State,* 165 Ga. App. 365, 369 (17) (301 SE2d 294) (1983). " 'This court has repeatedly held that a person's state of mind or mental condition is properly the subject of opinion testimony and that after narrating the facts and circumstances upon which his conclusion is based, a nonexpert witness may express his opinion as to the state of mind or mental condition of another. [Cits.]' [Cit.]" *Leonard v. State,* 157 Ga. App. 37, 38 (1) (276 SE2d 94) (1981). The victim in the present case had ample opportunity to observe the behavior of appellant at the time of the incident and she stated the facts upon which her opinion as to appellant's sanity was based. Accordingly, the trial court correctly admitted the opinion testimony of the victim into evidence.

3. Appellant enumerates as error the denial of three of his motions for mistrial.

A motion for mistrial was made on the ground that a deputy's testimony had implied that appellant had been present at the scene of a drug sale. Pretermitting the issue of whether the testimony was such as to place appellant's character in issue, the record shows that it was appellant's own counsel who had introduced the topic of appellant's knowledge of the deputy's involvement in undercover drug transactions. Once appellant introduced this topic, the State was entitled to pursue it. See generally *Chatman v. State,* 162 Ga. App. 582 (2) (291 SE2d 745) (1982); *Martin v. State,* 143 Ga. App. 848 (1) (240 SE2d 219) (1977). Accordingly, the trial court correctly denied this motion for mistrial.

Appellant moved for a mistrial on the ground that the trial court had expressed an impermissible opinion as to the facts of the case during its ruling on the admissibility of certain evidence. "[R]emarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence. [Cits.]" *Johnson v. State,* 246 Ga. 126, 128 (269 SE2d 18) (1980). See also *Troutman v. State,* 178 Ga. App. 314, 315 (2) (342 SE2d 785) (1986); *Havard v. State,* 175 Ga. App. 798 (334 SE2d 381) (1985). Accordingly, the trial court correctly denied this motion for mistrial.

During cross-examination of one of appellant's doctors, the State asked the witness if he knew that appellant had been "busted" for the offense of possession of 300 pounds of marijuana. Appellant moved for a mistrial on the ground that his character had been impermissibly placed into issue by the State's question. The record shows, however, that it was appellant himself who had previously introduced the

topic of his "bust." "A party cannot complain about evidence brought out in cross-examination where the evidence was first explored on direct examination. [Cits.]" *Hughes v. Newell*, 152 Ga. App. 618, 623 (3) (263 SE2d 505) (1979). Accordingly, the trial court correctly denied this motion for mistrial.

4. The trial court's admission into evidence of testimony concerning appellant's habit of using vulgar language when intoxicated is enumerated as error.

"The objection to this testimony, without further specification, was that it was irrelevant. . . . An objection to evidence on the ground that it is irrelevant . . . is 'entirely too vague and general to present any question for determination by the trial court, and the overruling of this objection did not constitute reversible error. [Cit.]' [Cit.]" *Croom v. State*, 165 Ga. App. 676, 677 (302 SE2d 598) (1983).

5. Appellant enumerates as error the trial court's refusal to give a requested charge on the misdemeanor offense of reckless conduct, OCGA § 16-5-60, as a lesser included offense of aggravated assault.

"Appellant relies on *Bowers v. State*, 177 Ga. App. 36 (338 SE2d 457) (1985), in which this court held that the trial court erred in refusing to give such a charge. In *Bowers*, the charge on reckless conduct was appropriate because the jury was authorized to find that the defendant engaged in target practice with a gun while consciously disregarding the risk to the nearby victim. One is guilty of reckless conduct who 'causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause the harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. . . .' OCGA § 16-5-60. The crime of reckless conduct is one of criminal negligence. [Cit.]" *Riley v. State*, 181 Ga. App. 667, 669-670 (353 SE2d 598) (1987). The present case is readily distinguishable from *Bowers*. The record here shows that appellant, while holding the victims at gunpoint, intentionally fired what he termed "warning shots" into a wall and a trash can. " 'Using a deadly weapon to commit an act *which places another in reasonable apprehension of immediately receiving a violent injury* amounts to an aggravated assault, absent justification. [Cits.] The act [of] appellant was either [an act of insanity] or constituted a felony.' [Cit.] The jury was fully and completely instructed on [the insanity defense]. The trial court did not err in refusing to give the requested charge." (Emphasis in original.) *Riley v. State*, supra at 670. See also *Weaver v. State*, 185 Ga. App. 573 (365 SE2d 130) (1988).

6. Appellant enumerates as error the trial court's refusal to charge the jury that " '[t]he act itself may be so utterly senseless and abnormal as to furnish satisfactory proof of a diseased mind.' [Cits.]

The trial court fully charged on the law of insanity and did not err in refusing the requested instruction. There is no merit in this contention." *Wilson v. State*, 229 Ga. 224, 225-226 (190 SE2d 78) (1972), overruled on other grounds, *Holcomb v. State*, 230 Ga. 525 (198 SE2d 179) (1973). See also *Freeman v. State*, 132 Ga. App. 742, 744 (209 SE2d 127) (1974).

7. The trial court correctly refused to charge the jury on the principle of jury nullification. See generally *Harris v. State*, 190 Ga. 258, 260 (6) (9 SE2d 183) (1940); *Bryant v. State*, 163 Ga. App. 872 (1) (296 SE2d 168) (1982).

8. The trial court's making of what appellant asserts to be an impermissible comment on the evidence while recharging the jury is enumerated as error. A review of the record shows, however, that the trial court made no comment on the evidence, but merely gave, pursuant to the jury's request, an additional instruction. "When the jury is confused and in doubt and requests further instructions on a particular point, it is the duty of the court to further instruct them. [Cits.]" *Freeman v. State*, 142 Ga. App. 293, 294-295 (235 SE2d 560) (1977).

9. All remaining enumerations not specifically addressed have been considered and have been found to be without merit.

10. Appellant's convictions for the kidnapping of the three women who were already in the office when he entered are reversed for the reasons set forth in Division 1. Appellant's remaining convictions are affirmed.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 7, 1988 —
REHEARING DENIED SEPTEMBER 21, 1988 

*William H. Turner, Jr.*, for appellant.
*Frank C. Winn, District Attorney*, for appellee.

