A92A2259. PAYNE v. THE STATE.
(424 SE2d 868)

McMURRAY, Presiding Judge.

Defendant Payne appeals his convictions of the offenses of fleeing and attempting to elude a police officer, obstructing and hindering law enforcement officers, aggravated assault upon a police officer, and theft by taking of a motor vehicle. *Held*:

1. The first enumeration of error raises the issue of the sufficiency of the evidence to authorize the convictions of defendant. The evidence stated in the light most favorable to the jury's determination shows that after 2:00 a.m. on the morning of October 5, 1991, the victim of the motor vehicle theft drove his automobile to a convenience store to buy cigarettes, went into the store for approximately five minutes and when he returned his car was gone. The owner of the vehicle did not know defendant and had not given anyone permission to take his car. An off-duty police officer had earlier noticed defendant in the parking lot and felt that he was acting in a suspicious manner. The off-duty officer was using the store's telephone to request that a unit be dispatched to investigate and looking out the store's window when he saw defendant run and jump in the car and drive away. The police radio broadcast a lookout for the stolen car and approximately 30 minutes later it was spotted by Officer Reynolds and followed until a roadblock could be established in the path of the stolen car. Lieutenant Whitehead established the roadblock with a marked police car. The strobe and blue light on the patrol car were turned on, there was a nearby street light, and Lieutenant Whitehead was in uniform. As the stolen car approached the roadblock it slowed and came to a stop. As Lieutenant Whitehead approached the stolen car, it accelerated rapidly and went straight at the officer, who screamed for the vehicle to stop and fired his gun into the ground

before leaping from the path of the stolen vehicle. The stolen car hit Lieutenant Whitehead's leg and sideswiped his patrol car as it went past. Lieutenant Whitehead testified that he thought he was about to die or he would not have fired his weapon. Officer Reynolds pursued the stolen car until it crashed on an embankment and then approached on foot. Defendant, who had been driving the vehicle, exited the stolen car and ran for a distance of approximately 100 yards before he was overtaken and stopped by Officer Reynolds. Officer Reynolds testified that he was approximately five yards away when defendant exited the car, and did not fall further behind or lose sight of defendant during the chase on foot.

Defendant presented an alibi defense, that he was outdoors in a residential neighborhood drinking beer with a group of individuals when he moved away from the group towards a vacant house and was relieving himself in or near some bushes when he heard footsteps, saw two people heading his way, and that he ran out of fear that he might get hurt. A resident of the neighborhood corroborated defendant's testimony. While the driver of the stolen car was repeatedly described by the pursuing officers as wearing a jacket, the booking report on defendant describes him as wearing a shirt and makes no mention of a jacket.

Defendant argues that the inconsistencies in the evidence render it insufficient to establish the identity of defendant as the driver of the stolen car. However, the determination of credibility and resolution of conflicts in the evidence are for the jury. This Court does not reweigh the evidence but only determines its legal sufficiency. *Holcomb v. State*, 198 Ga. App. 547 (1) (402 SE2d 520). After a careful review of the entire record, we find that the evidence is sufficient to authorize any rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses of fleeing and attempting to elude a police officer, obstructing and hindering law enforcement officers, aggravated assault upon a police officer, and theft by taking of a motor vehicle. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Cooley v. State*, 201 Ga. App. 171 (1) (410 SE2d 453).

2. Defendant's remaining enumeration of error contends that the trial court erred in refusing to charge on the offense of reckless conduct as a lesser included offense of the offense of aggravated assault. The charge of aggravated assault upon a police officer was predicated on the incident in which defendant drove the stolen car at Lieutenant Whitehead. The uncontroverted evidence concerning this incident is that the stolen car was brought to a stop before the roadblock established by Lieutenant Whitehead who was in uniform and easily visible. When Lieutenant Whitehead stepped from safety behind his patrol car, the accelerator of the stolen car was "put . . . on the floor" and the vehicle accelerated straight toward the officer who reasonably

feared for his life. Under these circumstances there is no evidence of the lesser crime of reckless conduct. The action constituted an aggravated assault by the driver of the vehicle upon Officer Whitehead. The trial court did not err in refusing to charge as to reckless conduct. *Briard v. State*, 188 Ga. App. 490, 493 (5) (373 SE2d 239); *Weaver v. State*, 185 Ga. App. 573 (365 SE2d 130). Contrary to defendant's assertion, the recent decision in *Turner v. State*, 262 Ga. 359 (418 SE2d 52) is not applicable to this case.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED NOVEMBER 5, 1992.

*Katie Anderson*, for appellant.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.