A97A1419. ALEMAN v. THE STATE.
(489 SE2d 867)

BLACKBURN, Judge.

Mark Aleman appeals his conviction of armed robbery and aggravated assault in connection with the robbery at gunpoint of a pedestrian. Aleman presented a coercion defense at trial and now claims that the evidence adduced was insufficient to sustain the jury's verdict. He also contends that the court erred in denying his motion for a continuance and alleges that he received ineffective assistance of counsel. For the reasons set forth below, we affirm the conviction.

1. The standard of review for a claim of insufficiency of the evidence is well established. "On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is

sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Jessup v. State*, 224 Ga. App. 176, 177 (480 SE2d 232) (1996).

Applying this standard to the facts of this case, the evidence shows that on April 3, 1995, the victim, Edward Myers, was walking toward a park in DeKalb County when a light blue Volkswagen drove by. After passing him, the car made a U-turn and came back to Myers. At this point, Aleman, who was driving the car, asked Myers if anyone was playing basketball in the park. As Myers responded, Aleman stopped the car, and a passenger jumped out and pulled a gun on Myers. Aleman remained in the car and watched while the gunman robbed Myers. After robbing him, the gunman told Myers to run and fired at him once. Myers testified that once the robbery was completed, Aleman drove off with the gunman. Aleman was apprehended alone a short time later.

Aleman contends this evidence is insufficient to support his conviction for armed robbery and aggravated assault because he was coerced into committing these offenses. According to him, he was carjacked and robbed by the gunman, then forced at gunpoint to drive to the area where Myers was robbed. He testified that the gunman threatened to kill him if he did not cooperate and therefore contends he could not have aided or abetted the gunman or been a party to the crimes committed.

OCGA § 16-3-26 precludes a person from being guilty of any crime except murder "if the act upon which the supposed criminal liability is based is performed under such coercion that the person reasonably believes that performing the act is the only way to prevent his imminent death or great bodily injury." Coercion is an affirmative defense, see OCGA § 16-3-28, and the burden rests upon the State to disprove coercion beyond a reasonable doubt. See *Hansen v. State*, 205 Ga. App. 604, 607-608 (2) (423 SE2d 273) (1992).

To disprove Aleman's coercion defense, the State elicited testimony from the victim, Myers, regarding Aleman's demeanor during the robbery. According to Myers, had Aleman wanted to escape the situation, he had sufficient time to drive or run away from the robbery while the gunman was out of the car holding up Myers. However, Myers testified that Aleman made no attempt to drive or run away, but simply looked at Myers throughout the robbery. Myers testified that once the robbery was completed, Aleman looked back as if to say, "hurry up, let's go" before driving off with the gunman. Myers also testified that Aleman in no way seemed to be an unwilling participant in the crimes which were committed.

The State also relied upon the testimony of the arresting officer, Larry Dodson, to disprove Aleman's coercion defense. Dodson testified that immediately following the robbery, which Myers had quickly reported, Dodson was told to be on the lookout for the Volkswagen. He located the car and followed it and noted that it contained two individuals. When Dodson turned on his lights to pursue the car, it sped up. He lost sight of it briefly, during which time Aleman contends the gunman exited the car, and when Dodson located the car again, Aleman alone pulled into a motor repair shop. Upon exiting the car, Aleman did not report that he had just been carjacked, that the gunman had just robbed and shot at Myers, or that the gunman was in the area. Instead, he told Dodson that he was at the repair shop to get his car fixed. Upon searching his car, a loaded handgun and a cap pistol were discovered.

Although Aleman offered explanations for his behavior during and after the robbery, " 'the credibility of witnesses and the resolution of evidentiary conflicts are for the jury.' " (Citation omitted.) *Price v. State*, 223 Ga. App. 185, 190 (10) (477 SE2d 353) (1996). Whether or not a defendant is coerced into acting is a question for the trier of fact. See *In the Interest of W. C. J.*, 218 Ga. App. 452, 454 (1) (462 SE2d 168) (1995). Also, "[c]oercion is a defense only if the person coerced has no reasonable way, other than committing the crime, to escape the threat of harm. That question is for the jury." (Citation omitted.) *Stitt v. State*, 190 Ga. App. 58, 59 (378 SE2d 168) (1989).

In this case, Aleman's conduct both during and after the robbery authorized the jury's finding beyond a reasonable doubt that he committed the offenses charged by being a party to these crimes. See *Rhodes v. State*, 239 Ga. 257, 259 (236 SE2d 609) (1977) (defendant's conduct after arrest is relevant in considering a coercion defense). Although he contends that the circumstantial evidence does not exclude every reasonable hypothesis save that of guilt, this argument does not warrant reversal on the facts of this case. "In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt." (Citations and punctuation omitted.) *Jenkins v. State*, 223 Ga. App. 446, 447 (1) (478 SE2d 143) (1996). "Whether this burden has been met is a question for the jury." (Citation and punctuation omitted.) *Harris v. State*, 223 Ga. App. 661, 662 (478 SE2d 458) (1996). The jury resolved this issue against Aleman, and as its verdict meets the criteria of *Jackson v. Virginia*, supra, it will not be disturbed on appeal.

2. Aleman contends the trial court erred in failing to grant a continuance in order for his counsel to prepare for trial. He further alleges that as a result of the trial court's denial of this motion, he

received ineffective assistance of counsel.

(a) With respect to Aleman's contention that the court erred in failing to grant a continuance, "[a] motion for a continuance predicated on the basis of counsel's lack of preparation for trial addresses itself to the sound discretion of the trial court and a ruling denying such a motion will not be interfered with unless the court has abused its discretion in denying the motion." (Citations and punctuation omitted.) *Marion v. State*, 224 Ga. App. 413, 414 (1) (480 SE2d 869) (1997).

The facts indicate that Aleman retained and discharged two sets of counsel prior to hiring the counsel who represented him at trial. Just prior to hiring his trial counsel, Aleman requested the court's permission to discharge the second set of lawyers, as the case was already set for trial. The court acquiesced, but specifically told Aleman that if he sought new counsel, "inasmuch as we are at a trial calendar, whomever you hire must be ready to proceed to trial on this case . . . no delays." Aleman hired his trial counsel shortly thereafter, on May 27, 1996.

Trial was scheduled for June 3, 1996, and on this day, counsel requested a continuance in writing. No record of the court's denial of this motion appears in the transcript, but trial counsel testified at the motion for new trial that the motion was denied. Nevertheless, Aleman's counsel in effect received a one-week continuance, as the case was not called for trial until June 11, 1996.

On these facts, we find no abuse of discretion. "In these cases we have noted that the conduct of the party is a relevant and proper consideration of the court in the exercise of its discretion in order to prevent a party using the discharge and employment of counsel as a dilatory tactic." (Citations and punctuation omitted.) *Marion*, supra at 414 (1). The court informed Aleman after he discharged his second counsel that there would be no delays, and that whatever counsel he hired would have to be prepared to try the case. Trial counsel ended up having nearly two weeks to prepare the case, and the Supreme Court has held that "a two-week preparation period is not inadequate as a matter of law." *Roland v. State*, 266 Ga. 545, 546 (3) (468 SE2d 378) (1996). Accordingly, we find no error in the trial court's decision.

(b) Aleman also contends that as a result of the trial court's denial of his motion for continuance to allow his counsel to prepare, he received ineffective assistance of counsel. "A defendant claiming ineffective assistance of counsel must show (1) that his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Stephens v. State*, 224 Ga. App. 184, 185 (3) (480

SE2d 235) (1997).

Aleman's trial counsel testified that in the two weeks he and his co-counsel had to prepare the case for trial, approximately 140 hours were spent preparing Aleman's defense. Concerned about the short amount of time they had to prepare, his counsel hired an experienced public defender to help them prepare the case. Complete direct and cross-examinations of Aleman were conducted as practice, and Aleman "spent a great deal of time" in the office participating in the preparation of his defense. Trial counsel also visited the crime scene to help them visualize Aleman's defense. Based upon this evidence, it cannot be said that by preparing the case for trial in this manner in two weeks time, counsel's performance fell below an objective standard of reasonableness.

Nor has Aleman pointed to any specific instances at trial where he contends that, due to lack of preparation, his counsel's performance fell below an objective standard of reasonableness. Besides his bare assertion that he received ineffective assistance due to the denial of his motion for continuance, he does not support his argument by pointing to even a single act or omission of his counsel at trial which he contends was deficient and resulted directly from the denial of his motion. No deficient performance having been shown, Aleman's ineffective assistance claim must fail, and this enumeration is without merit.

3. In his third enumeration of error, Aleman alleges eight different reasons why he received ineffective assistance of counsel. The standard of review applicable to each reason is the same. "In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) that counsel's performance was deficient, i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this deficient performance prejudiced the defense, i.e., that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . Furthermore, a trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Citations and punctuation omitted.) *Riser v. State*, 222 Ga. App. 348, 349 (474 SE2d 632) (1996).

(a) Aleman claims his counsel was ineffective for failing to interview the State's witnesses prior to trial. The State called only two witnesses, the victim, Myers, and Officer Dodson. Aleman's counsel testified that he attempted to call Myers, but Myers never returned any of his calls. He also testified that although he attempted to talk to a different officer, he did not talk to Officer Dodson. Even presuming counsel should have interviewed these witnesses prior to trial, there is no indication that Aleman was harmed by his counsel's failure such that the outcome of the trial would have been different had

he conducted the interviews. See generally *Mosier v. State*, 218 Ga. App. 586, 590 (5) (a) (462 SE2d 643) (1995).

(b) Trial counsel failed to file a motion to suppress the "show-up lineup" of Aleman, and for this reason, Aleman contends he received ineffective assistance. The facts indicate that after Officer Dodson arrested Aleman following the robbery, the police brought Myers to the location where Aleman was arrested, and Myers identified Aleman, who was in handcuffs and the only suspect present, as one of the perpetrators.

Trial counsel testified at the motion for new trial that no motion to suppress this identification was made because Aleman's defense was not that he was absent when the robbery occurred, but that he was present and was a victim of the robbery. The identification was therefore consistent with Aleman's defense, and the decision to forgo filing a motion to suppress the identification falls within the realm of trial strategy. "Trial strategy and tactics do not equate with ineffective assistance of counsel. . . . Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate." (Citations and punctuation omitted.) *Powell v. State*, 198 Ga. App. 509, 511-512 (1) (402 SE2d 108) (1991).

(c) Aleman contends that he received ineffective assistance because his trial counsel did not file a motion to suppress a statement made by Aleman following his arrest. As was the case with the showup identification, however, Aleman's counsel testified at the motion for new trial that no motion to suppress was filed because the statement was consistent with Aleman's defense in this case. Counsel also testified that he was convinced the statement was voluntarily made. For the same reasons set forth in subdivision (b), it cannot be said that the decision to forgo filing a motion to suppress Aleman's statements was not trial strategy, and we thus cannot conclude that he received ineffective assistance of counsel. See *Powell*, supra.

(d) In violation of the court's ruling, Officer Dodson testified that the police had received reports of several armed robberies that had occurred in the area involving a light blue car. Aleman contends that his counsel was ineffective for failing to move for a mistrial following this testimony.

According to trial counsel, who immediately objected when this testimony was given and approached the bench, no motion for mistrial was made because counsel did not wish to draw any juror attention to this testimony by making such a motion. Counsel also did not wish to have a curative instruction given, which he testified would prejudice Aleman by imbedding a negative thought in the jurors'

minds.

"[Aleman] failed to demonstrate any prejudice arising from counsel's failure to . . . request a mistrial based on this issue. In addition, we cannot conclude that the failure to . . . move for a mistrial was not a matter of trial strategy. Trial counsel may have felt that . . . it was in [Aleman's] best interest for the trial to go forward without any further mention of the incident to the jury." *Bradford v. State*, 221 Ga. App. 232, 236 (3) (e) (471 SE2d 248) (1996).

(e) Aleman claims he received ineffective assistance because his counsel failed to object to his absence during the charge conference, which was held in the judge's chambers. A charge conference, however, is optional and therefore is not one of those proceedings at which a defendant has an unequivocal right to be present. See *McBride v. State*, 213 Ga. App. 857, 861 (11) (446 SE2d 193) (1994). Aleman has failed to show how he was harmed by his absence at this optional conference, and his argument is accordingly without merit.

(f) Aleman enumerates as error his trial counsel's failure "to preserve objections as to the requests to charge" submitted to the court. It appears he is contending that his counsel was ineffective for failing to submit specially tailored charges to the court which closely fit the evidence. We find no error. Aleman's counsel submitted 33 requests to charge, and the jury was fully and completely charged the pattern charges on mere presence, reasonable doubt, parties to a crime, and the affirmative defense of coercion. Even assuming arguendo counsel's performance was somehow deficient, because the jury was accurately charged on all the relevant principles of law, Aleman cannot show that but for his counsel's deficiency the outcome of his trial would have been different.

(g) During the course of the trial, Aleman's counsel witnessed a juror speak to an individual who was not on the jury, but who was present in the courtroom during proceedings which were conducted outside the presence of the jury. Aleman contends his counsel rendered deficient representation for failing to object to this possible juror misconduct.

The transcript indicates that Aleman's counsel did bring the possible juror misconduct to the court's attention and informed the court that he did not know what the conversation was about. The court offered to make inquiry of the juror, but counsel declined. At the motion for new trial, counsel testified that this decision was a strategic one, as both of Aleman's trial counsel believed that he would be harmed by the court's singling out a juror. Counsel was afraid this situation would lead to the creation of "an enemy in the jury box."

As stated above, strategic decisions made during the course of a trial do not constitute ineffective assistance of counsel. See *Powell*, supra. As Aleman cannot show that the juror's conversation with the

individual was related to the case and that the conversation was harmful to him, he has not shown that his counsel was ineffective in this regard.

(h) Aleman's counsel did not request that the jurors be polled when the verdict was returned, and he asserts this failure resulted in ineffective assistance. "[Aleman] has cited us to no authority requiring trial counsel, in order to effectively represent his client, to poll the jury. . . . [W]e do not agree with appellate counsel that appellant's trial counsel was ineffective." *Malerba v. State*, 172 Ga. App. 457, 458 (1) (323 SE2d 666) (1984). This enumeration is therefore without merit.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JULY 25, 1997.

*Randie C. Engle, Paige A. Pastor*, for appellant.

*J. Tom Morgan, District Attorney, Desiree S. Peagler, Carol M. Kayser, Assistant District Attorneys*, for appellee.