## A98A1815. RASHTON v. THE STATE.
### (510 SE2d 63)

Judge Harold R. Banke.

Greg James Rashton appeals his convictions of simple battery, battery, simple assault, criminal trespass, and aggravated assault. He contends the trial court erred by allowing the State to introduce evidence that impugned his character and by failing to give curative instructions after the trial court denied a motion for a mistrial. *Held*:

1. Because she was the victim of the crimes alleged in the indictment, Rashton's ex-wife testified during the State's case in chief. During cross-examination by Rashton's counsel, she then testified that after their divorce and Rashton's arrest, she and the children visited Rashton several times. She also testified she just wanted Rashton to go on with his life and she wanted to go on with her life and she wanted Rashton to see their children.

In her re-direct examination, the victim acknowledged that she was testifying only because she was under subpoena by the State, and when questioned whether her divorce decree contained provisions regarding visitation, she replied that the decree provided that visitation would be determined when Rashton was released from incarceration. Rashton did not object to this testimony. The prosecutor next questioned her about the number of times they visited Rashton, whether these visits were supervised, and if so, by whom. The victim answered that she had visited Rashton with the children several times since Easter and the visits were "supervised, guards." Rashton immediately moved for a mistrial contending that the State had injected his character into the case.

The trial court denied the motion because the prosecution was authorized to ask the victim about the visits, a subject introduced by Rashton, to correct any impression that the visits were unrestricted and that the victim had no fear of Rashton. The trial court also found the victim's testimony regarding "guards" did not rise to the level of a mistrial. Whether to grant a mistrial is within the sound discretion of the trial court and the ruling will not be disturbed absent an abuse of discretion. *Buxton v. State*, 253 Ga. 137, 139 (3) (317 SE2d 538) (1984). We find no abuse of discretion here.

The transcript shows the prosecutor expressly had instructed the victim not to mention prison or jail. Even though the trial court considered whether use of the word "guards" was unduly prejudicial, the real basis for the ruling was that the prosecution was entitled to question the victim about the circumstances of the visits with Rashton because visitation was raised by the defense. As Rashton first raised the visits in his cross-examination of the victim, he cannot complain when the State further explored the subject on re-direct examination. See *Gentry v. State*, 226 Ga. App. 216, 218 (1) (485 SE2d 824) (1997); *Briard v. State*, 188 Ga. App. 490, 493 (3) (373 SE2d 239) (1988); *Hughes v. Newell*, 152 Ga. App. 618, 623 (3) (263 SE2d 505) (1979). In any event, Rashton's failure to object to the victim's testimony that he was in custody at the time of visitation, precludes a finding of harm. See *Jones v. State*, 171 Ga. App. 184, 186 (3) (319 SE2d 18) (1984).

2. In view of our holding in Division 1, the trial court did not err by failing to give a curative instruction because such an instruction was unnecessary. Moreover, by failing to request a curative instruction Rashton waived this issue. *Underwood v. State*, 218 Ga. App. 530, 534 (3) (462 SE2d 434) (1995).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED DECEMBER 1, 1998.

*Maryann F. Blend*, for appellant.

*J. Tom Morgan, District Attorney, Gregory J. Lohmeier, Barbara B. Conroy, Assistant District Attorneys*, for appellee.