## A02A1040. WEBB v. THE STATE.
(569 SE2d 596)

ELLINGTON, Judge.

A Cobb County jury convicted Harold James Webb of aggravated assault, OCGA § 16-5-21 (a) (2), and theft by taking, OCGA § 16-8-2. Following the denial of his motion for new trial, Webb appeals, challenging the sufficiency of the evidence of aggravated assault and contending the trial court erred in refusing to give a requested jury charge. Finding no error, we affirm.

1. Webb contends the evidence was insufficient to convict him of aggravated assault with a deadly weapon in that the injuries sustained by the victim did not rise to the level of serious bodily injury required by OCGA § 16-5-21 (a) (2).

> [O]n appeal, a defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the jury's verdict. Further, we do not weigh the evidence or determine witness credibility. Instead, an appellate court determines whether the evidence is sufficient to convict the defendant beyond a reasonable doubt. Conflicts in witness testimony, even the testimony of the State's witnesses, are a matter of credibility for jury resolution. And as long as some competent evidence is presented to support every fact necessary to make out the State's case, even though contradicted, we will not disturb the jury's verdict.

(Citation omitted.) *Moten v. State,* 252 Ga. App. 222 (1) (554 SE2d 553) (2001). See *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

[16] See id.; *Coastal Equities,* supra.

Viewed in the light most favorable to the jury's verdict, the evidence showed as follows: On the morning of January 7, 1998, the victim and his son-in-law stopped at a restaurant, leaving the victim's truck running in the parking lot. Webb got into the vehicle and drove toward the highway. The victim and his son-in-law borrowed a car and pursued Webb. They found Webb in the stolen truck, stuck in stop-and-go traffic on the interstate highway. The victim pulled beside Webb, stopped in the emergency lane blocking him, got out, and stood in front of the stolen truck waving his hands over the hood. From a full stop, Webb gunned the engine, accelerated toward the victim, and struck him with the stolen truck. The victim was thrown up on the hood of the truck and then rolled off. After another chase, the victim and his son-in-law caught Webb and turned him over to police officers.

It is well settled that a motor vehicle may qualify as a deadly or offensive weapon under OCGA § 16-5-21 (a) (2), "depending on the manner and means by which the vehicle is used." (Footnote omitted.) *Durrance v. State*, 250 Ga. App. 185, 187 (2) (549 SE2d 406) (2001). It is equally well settled that "evidence of an *actual* bodily injury is not required to sustain a conviction under OCGA § 16-5-21 (a) (2)." *Reynolds v. State*, 234 Ga. App. 884, 885 (1) (b) (508 SE2d 674) (1998). Thus, one who aims a motor vehicle at another person may be convicted of aggravated assault regardless of whether the victim sustained any injuries or was even touched by the vehicle. *Thomas v. State*, 255 Ga. App. 777, 778 (1) (567 SE2d 72) (2002); *Durrance v. State*, 250 Ga. App. at 186-187 (2); *Black v. State*, 222 Ga. App. 80, 81 (1) (473 SE2d 186) (1996); *Payne v. State*, 195 Ga. App. 523, 525 (4) (394 SE2d 781) (1990). Webb's argument lacks merit.

2. Webb contends the trial court erred in refusing to give his requested jury charge on the statutory definition of reckless conduct as a lesser included offense of the charge of aggravated assault.

> [A] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense. However, where the state's evidence establishes all of the elements of an offense and there is no evidence raising the lesser offense, there is no error in failing to give a charge on the lesser offense.

(Citations, punctuation and emphasis omitted.) *Lightfoot v. State*, 227 Ga. App. 605 (490 SE2d 177) (1997).

Webb contends, correctly, that if the jury could have found from the evidence that he negligently, rather than intentionally, struck the victim with the truck then he was entitled to his requested

charge on reckless conduct. See OCGA §§ 16-1-6 (conviction for lesser included offenses); 16-5-60 (b).[1] Specifically, Webb contends the evidence warranted a charge on reckless conduct because no witness testified that he was looking at the victim when he drove the stolen truck in the victim's direction or that he appeared to know that the victim was in the path of the truck. The trial court found the charge was not adjusted to the facts of the case, citing *Payne v. State*, 206 Ga. App. 189 (424 SE2d 868) (1992). In *Payne v. State*, the uncontroverted evidence showed that the defendant brought a stolen car to a stop before a roadblock and then gunned the engine, accelerating straight toward an officer "who was in uniform and easily visible." 206 Ga. App. at 190-191 (2). The trial court correctly concluded there was no evidence of the lesser crime of reckless conduct. Id.

Similarly, in this case, Webb was stopped in the stolen car and then accelerated straight toward the victim who was easily visible and just a few feet in front of the truck. Webb offered no evidence that he did not see the victim. Because the only evidence before the court showed the completed offense of aggravated assault, the trial court did not err in refusing to charge the jury on the lesser included offense of reckless conduct. *Payne v. State*, 206 Ga. App. at 190-191 (2). The trial court properly denied Webb's requested charge on reckless conduct. Id. Cf. *Shaw v. State*, 238 Ga. App. 757, 759 (1) (519 SE2d 486) (1999) (trial court erred in declining to give reckless conduct charge where witness testimony that defendant fired gun in the air while the police were chasing the car in which he was riding, rather than at officers, provided some evidence of negligence).

*Judgment affirmed. Smith, P. J., and Eldridge, J., concur.*

DECIDED JULY 23, 2002 

*Howard & Delaney, Stephen A. Delaney, Lawrence W. Daniel*, for appellant.

Harold J. Webb, *pro se.*

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.

---

[1] OCGA § 16-5-60 (b) provides:

A person who causes bodily harm to or endangers the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor.